COPY

1  Daniel F. Fears, Bar No. 110573
   dff@paynefears.com
2  Andrew K. Haeffele, Bar No. 258992
   akh@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  Jamboree Center, 4 Park Plaza, Suite 1100
   Irvine, California 92614
5  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
6
   Attorneys for Watts Healthcare Corporation
7

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                                          CV13 - 03313 DSF (JCx)

11  **Daniel Lopez,**              Case No.

12         Plaintiff,             [ORANGE COUNTY SUPERIOR COURT
                                  CASE NO. BC498506]
13  v.
                                  **PETITION AND NOTICE OF REMOVAL**
14  **Watts Healthcare Corporation,** a   **OF CIVIL ACTION UNDER 28 U.S.C.**
    California Corporation; and    **§§ 1331 AND 1441(a)**
15  Does 1-10,
                                  **[FEDERAL QUESTION]**
16         Defendants.

17

18

19         TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

20  OF CALIFORNIA, AND TO PLAINTIFF DANIEL LOPEZ, AND HIS COUNSEL OF

21  RECORD:

22

23         PLEASE TAKE NOTICE that Defendant WATTS HEALTHCARE

24  CORPORATION ("Defendant") hereby removes this action from the

25  Superior Court of the State of California for the County of Los

26  Angeles to the United States District Court for the Central

27  District of California, on the grounds of federal question

28  jurisdiction, as follows:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## INTRODUCTION

This Court has jurisdiction over this action because Plaintiff Daniel Lopez' Complaint includes a claim for violation of federal law – specifically, the Americans with Disabilities Act.

Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty (30) days of Defendant's receipt of a document (the Complaint) where federal jurisdiction based on federal question is apparent.

## PLAINTIFF'S STATE COURT ACTION

1.   On or about December 31, 2012, Plaintiff filed an action against Defendant in the Superior Court of the State of California, County of Los Angeles, entitled "*Daniel Lopez, Plaintiff, v. Watts Healthcare Corporation, a California Corporation; and Does 1-10, Defendants*," Case No. BC498506 (the "Complaint"). On April 9, 2013, Defendant was served with copies of the Summons and Complaint.   True and correct copies of the Summons and Complaint are attached hereto as Exhibit "A."

2.   In his Complaint, Plaintiff alleges the following causes of action:   (1) Violation of the Americans with Disabilities Act of 1990; (2) Violation of the Unruh Civil Rights Act; (3) Violation of the California Disabled Persons Act; and (4) Negligence.   Plaintiff seeks injunctive relief, statutory

-2-

1   damages, attorneys' fees, and costs of suit.  (Exhibit "A,"
2   Prayer).

3

4       3.   On May 9, 2013, Defendant timely filed and served its
5   Answer to Plaintiff's Complaint in the Superior Court of
6   California, County of Los Angeles.  A true and correct copy of
7   the Defendant's Answer is attached hereto as Exhibit "B."

8

9       4.   The documents attached as Exhibits "A" and "B"
10  constitute the pleadings, process, and orders served upon or by
11  Defendant in the State Court Action.

12

13      5.   This Notice of Removal is timely pursuant to 28 U.S.C.
14  § 1446 (b) and Rule 6 of the Federal Rules of Civil Procedure, in
15  that Defendant was originally served with a copy of the Complaint
16  no more than thirty (30) days before the filing of this Petition
17  and Notice.

18

19          **FEDERAL QUESTION JURISDICTION UNDER THE AMERICANS WITH**
20              **DISABILITIES ACT, 42 U.S.C. §§ 12101, *et seq.***

21

22      6.   This Court has federal question jurisdiction because
23  Plaintiff's Complaint includes a claim for violation of the
24  Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et*
25  *seq.*

26

27      7.   "The district courts shall have original jurisdiction
28  of all civil actions arising under the Constitution, laws, or

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 treaties of the United States."   28 U.S.C. § 1331. Any such
2 action may be removed to the district court if it is originally
3 filed in a state court:

5        "[A]ny civil action brought in a State court
6        of which the district courts of the United
7        States have original jurisdiction, may be
8        removed by the defendant or the defendants,
9        to the district court of the United States
10       for the district and division embracing the
11       place where such action is pending."

13 28 U.S.C. § 1441(a).   Removal on such "federal question" grounds
14 is proper even if the parties are not of diverse citizenship, and
15 without regard to the amount in controversy.   28 U.S.C. §
16 1441(a).

18       8.   Here, Plaintiff's Complaint purports to state a claim
19 for violation of the ADA.   Specifically, Plaintiff alleges in his
20 Complaint:

22       "The Defendants are persons who own, operate
23       or lease to a place of public accommodation.
24       As such, the Defendants are required to
25       ensure that persons with disabilities are not
26       discriminated against and, additionally, have
27       specific duties to (1) ensure that all
28       construction, alteration, or modification is

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-4-

1    barrier free and complies with the Americans

2    with Disabilites Act Accessibility Guidelines

3    ("ADAAG"); and/or (2) remove all existing

4    barriers where such removal is "readily

5    acheivable," and/or (3) to provide

6    alternatives to barrier removal.  The

7    Defendants have failed to meet these

8    obligations."

9    (Exhibit "A," ¶ 9)

10

11       9.    Therefore, this action arises under the laws of the

12   United States in that Plaintiff's claim is expressly premised on

13   an alleged violation of a federal law -- the Americans with

14   Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*  Accordingly, this

15   Court has federal question jurisdiction under 28 U.S.C. §§ 1331

16   and 1441.

17

18       **REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. § 1367(a)**

19                **(SUPPLEMENTAL JURISDICTION)**

20

21       10.  This Court has supplemental jurisdiction over all claims

22   that are so related to the federal claims discussed above because

23   they "form part of the same case or controversy." 28 U.S.C. §

24   1367(a).  Supplemental jurisdiction is proper if the causes of

25   action in question "derive from a common nucleus of operative

26   fact," such that the plaintiff "would ordinarily be expected to

27   try them all in one judicial proceeding." *See United Mine Workers*

28   *of America v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

–5–

1   (1966).

2

3       11.   The supplemental jurisdiction statute, 28 U.S.C. §

4   1367, provides that the district courts "<u>shall</u> have supplemental

5   jurisdiction" over state-law causes of action that form "part of

6   the same case or controversy" as the federal claims supporting

7   removal.  28 U.S.C. 1367(a) (emphasis added).

8

9       12.   In this case, although some of Plaintiff's claims may

10  not directly raise federal questions, **all** of Plaintiff's claims

11  arise directly out of the same "common nucleus of operative

12  fact," because they all relate to Plaintiff's allegations that he

13  was "denied full and equal access" to Defendant's facility.

14  (Exhibit "A," ¶¶ 4-7)

15

16      13.   Thus, because all of Plaintiff's claims would normally

17  be tried in a single judicial proceeding, and the entire action

18  is removable under this Court's supplemental jurisdiction.  *See*

19  28 U.S.C. § 1367(a).

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-6-

1

## REMOVAL IS TIMELY

2

3        14.    This Notice of Removal is timely pursuant to 28 U.S.C.

4   § 1446(b) because this action is being removed within thirty (30)

5   days of the date on which Defendant was served with the Summons

6   and Complaint.

7

8

## CONCLUSION

9

10       15.    Because Plaintiff's asserted claims arise under, and

11  raise questions of, federal law, Defendant respectfully requests

12  that this Court exercise its removal jurisdiction over this

13  action.

14

15

16

17  DATED: May 9, 2013              PAYNE & FEARS LLP

18

19                                  By: _____

20                                          DANIEL F. FEARS
                                           ANDREW K. HAEFFELE
21
                                        Attorneys for WATTS HEALTHCARE
22                                      CORPORATION

23  4849-0616-8595.1

24

25

26

27

28

-7-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## INDEX OF EXHIBITS

2

3        **EXHIBIT**              **DESCRIPTION**

4        EXHIBIT "A"       Summons and Complaint filed by Plaintiff on

5                          December 31, 2012

6        EXHIBIT "B"       Defendant Watts Healthcare Corporation's

7                          Answer to Plaintiff's Complaint filed May 9,

8                          2013

9
4848-7242-0115.1
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

RECEIVED APR 1 0 2013

DEC 3 1 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 3 1 2013

John A. Clarke, Executive Officer/Clerk
By _Cristina Grijalva_, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Watts Healthcare Corporation, a California Corporation; and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Daniel Lopez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: Los Angeles County Superior Court (El nombre y dirección de la corte es): 111 North Hill St. Los Angeles, CA 90012 | CASE NUMBER: (Número del Caso): BC 498506 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Raymond G. Ballister, Jr., Esq., Center for Disability Access, PO BOX 262490, San Diego, CA 92196-2490 (858) 375-7385

DATE: FEB 0 1 2013   John A. Clarke Clerk, by CRISTINA GRIJALVA, Deputy
(Fecha) (Secretario) (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): WATTS HEALTHCARE CORPORATION
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☒ by personal delivery on (date): 4.9.13

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

ORIGINAL

1 CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
2 Phyl Grace, Esq., SBN 171771
Mail: PO BOX 262490
3 San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
4 San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
5 phylg@potterhandy.com

6 Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 31 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DAWN ALEXANDER

8

9 SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
10

11 Daniel Lopez,                    Case No. BC498506
12        Plaintiff,                Complaint For Damages And
13   v.                             Injunctive Relief For Violations Of:
American's With Disabilities Act;
14 Watts Healthcare Corporation, a  Unruh Civil Rights Act; California
California Corporation; and Does 1-10, Disabled Persons Act; Negligence
15
        Defendants.                Demand For Jury
16

17

18 Plaintiff Daniel Lopez complains of Defendants Watts Healthcare Corporation, a
19 California Corporation; and Does 1-10 ("Defendants") and alleges as follows:
20

21    PARTIES:
22    1.  Plaintiff is a California resident with physical disabilities. He is substantially
23 limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility.
24    2.  Defendants are, or were at the time of the incident, the owners and
25 operators, lessors and/or lessees of House of Uhuru located at or about 8005 South
26 Figueroa Street, Los Angeles, California.
27    3.  Plaintiff does not know the true names of Defendants, their business
28 capacities, their ownership connection to the property and business, or their relative

1

Complaint

1   responsibilities in causing the access violations herein complained of, and alleges a
2   joint venture and common enterprise by all such Defendants. Plaintiff is informed
3   and believes that each of the Defendants herein, including Does 1 through 10,
4   inclusive, is responsible in some capacity for the events herein alleged, or is a
5   necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend
6   when the true names, capacities, connections, and responsibilities of the
7   Defendants and Does 1 through 10, inclusive, are ascertained.

8

9   **FACTUAL ALLEGATIONS:**

10  4.   The Plaintiff went to House of Uhuru March through July of 2012, for
11  classes. House of Uhuru is a facility open to the public, a place of public
12  accommodation, and a business establishment.

13  5.   Although parking spaces are one of the facilities, privileges and advantages
14  offered by defendants to their customers, there is not a single handicap or
15  accessible parking space much less a "van accessible" parking space with the eight
16  foot access aisle on the passenger side of the vehicle required by law and that the
17  plaintiff needs to deploy his lift. The plaintiff personally encountered the violation
18  and it denied him full and equal access. The plaintiff has had bad experiences with
19  parking in parking stalls that either had no access aisle at all or with an access aisle
20  that is too small and having other cars park next to his van, blocking him from
21  reentry. Thus, he is dissuaded from attempting to park and use non-compliant or
22  non-handicap parking spaces. The plaintiff would like to return and patronize
23  House of Uhuru but cannot do so on a full and equal basis until compliant parking is
24  provided.

25  6.   Additionally, on information and believe, the plaintiff alleges that the failure
26  to remove these barriers was intentional. First, these particular ADAAG provisions
27  are intuitive and obvious. Second, the defendants exercised control and dominion
28  over the conditions at this location. The lack of an accessible parking lot was not an

2

Complaint

1   "accident." The defendants intended the facilities to be configured the way that
2   they were. Had they intended any other configuration, they had the means and
3   ability to make the change.

4       7.   This inaccessible condition is a barrier to access and amounts to a violation
5   of the laws pled below. The plaintiff personally encountered this violation. This
6   violation denied him full and equal access. Plaintiff may have a need to return and
7   patronize House of Uhuru in the future but is deterred from doing so on a full and
8   equal basis until the defendants provide access.

9

10  **I.  FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH**
11  **DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants
12  (42  U.S.C. section 12101, et seq.)

13      8.   Plaintiff repleads and incorporates by reference, as if fully set forth again
14  herein, the allegations contained in all prior paragraphs of this complaint.

15      9.   The Defendants are persons who own, operate, lease or lease to a place of
16  public accommodation. As such, the Defendants are required to ensure that persons
17  with disabilities are not discriminated against and, additionally, have specific duties
18  to (1) ensure that all construction, alteration, or modification is barrier free and
19  complies with the Americans with Disabilities Act Accessibility Guidelines
20  ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily
21  achievable," and/or (3) to provide alternatives to barrier removal. The Defendants
22  have failed to meet these obligations.

23

24  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
25  **RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

26      10. Plaintiff repleads and incorporates by reference, as if fully set forth again
27  herein, the allegations contained in all prior paragraphs of this complaint.

28      11. The Defendants are persons who own, operate, lease or lease to a place of

3

Complaint

1    public accommodation. As such, the Defendants are required to ensure that persons
2    with disabilities are not discriminated against and, additionally, have specific duties
3    to: (1) ensure that all construction, alteration, or modification is barrier free and
4    complies with the Americans with Disabilities Act Accessibility Guidelines
5    ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
6    Building Code"); and/or (2) remove all existing barriers where such removal is
7    "readily achievable," and/or (3) to provide alternatives to barrier removal. The
8    Defendants have failed to meet these obligations.
9
10   **III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA**
11   **DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants)
12   (Cal Civ.§ 54-54.8)
13      12. Plaintiff repleads and incorporates by reference, as if fully set forth again
14   herein, the allegations contained in all prior paragraphs of this complaint.
15      13. The Defendants are persons who own, operate, lease or lease to a place of
16   public accommodation. As such, the Defendants are required to ensure that persons
17   with disabilities are not discriminated against and, additionally, have specific duties
18   to: (1) ensure that all construction, alteration, or modification is barrier free and
19   complies with the Americans with Disabilities Act Accessibility Guidelines
20   ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
21   Building Code"); and/or (2) remove all existing barriers where such removal is
22   "readily achievable," and/or (3) to provide alternatives to barrier removal. The
23   Defendants have failed to meet these obligations.
24
25   **IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and
26   against all defendants)
27      14. Plaintiff repleads and incorporates by reference, as if fully set forth again
28   herein, the allegations contained in all prior paragraphs of this complaint.

4

Complaint

15. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: December 5, 2012                    CENTER FOR DISABILITY ACCESS

                                           By:_____
                                           Raymond G. Ballister, Jr, Esq.
                                           Attorneys for Plaintiff

5

Complaint

1   **DEMAND FOR JURY TRIAL**

2           Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4

5   Dated: December 5, 2012                    CENTER FOR DISABILITY ACCESS

6

7                                              By:_____
                                               Raymond G. Ballister, Jr, Esq.
8                                              Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Complaint

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and address):<br>─ Raymond G. Ballister, Jr.   111282<br>Center for Disability Access<br>PO BOX 262490<br>San Diego, CA 92196-2490<br>TELEPHONE NO.:  (858) 375-7385   FAX NO.:  (888) 422-5191<br>ATTORNEY FOR (Name):  Plaintiff, Daniel Lopez | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>DEC 31 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>DAWN ALEXANDER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
  STREET ADDRESS:  111 North Hill St.
  MAILING ADDRESS:  111 North Hill St.
  CITY AND ZIP CODE:  Los Angeles, CA 90012
  BRANCH NAME:  Central

CASE NAME:
  Daniel Lopez v. Watts Healthcare Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC498508** |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | types (41) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [✓] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):  4: ADA; Unruh; CA Dis;Neg
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:  12/27/2012
Mark D. Potter
_____                              _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

EXHIBIT A, PAGE 15

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220  of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or
   Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally
   complex case type listed above)*
   (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)*
   (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT A, PAGE 16

| SHORT TITLE: Daniel Lopez v. Watts Healthcare Corporation, et al. | CASE NUMBER: BC498506 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 3-5    ☐ HOURS/☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

|  | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0

Page 1 of 4

EXHIBIT A, PAGE 17

| SHORT TITLE: Daniel Lopez v. Watts Healthcare Corporation, et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☒ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 2 of 4

EXHIBIT A, PAGE 18

# EXHIBIT B

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 0 9 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Victor Sino-Cruz

1  Daniel F. Fears, State Bar No. 110573
   dff@paynefears.com
2  Andrew K. Haeffele, State Bar. No 258992
   akh@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  4 Park Plaza, Suite 1100
   Irvine, CA 92614
5  Telephone: (949) 851-1100
6  Facsimile: (949) 851-1212

7  Attorneys for Defendant
8  WATTS HEALTHCARE CORPORATION

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF LOS ANGELES

11

12  Daniel Lopez,                     CASE NO. BC498506

13        Plaintiff,                  Judge:       Hon. Deirdre Hill
                                      Department:  49
14  v.
                                      DEFENDANT WATTS HEALTHCARE
15  Watts Healthcare Corporation, a California   CORPORATION'S ANSWER TO
    corporation; and Does 1-10,       PLAINTIFF DANIEL LOPEZ'
16                                    COMPLAINT
        Defendants.
17                                    Action Filed:  January 31, 2013
18                                    Trial Date:    None set

19

20

21                        **GENERAL DENIAL**

22        Defendant WATTS HEALTHCARE CORPORATION ("Defendant") denies, generally

23  and specifically, each and every allegation of the unverified Complaint (the "Complaint") pursuant

24  to Section 431.30 of the California Code of Civil Procedure. Defendant further denies, generally

25  and specifically, that Plaintiff is entitled to any relief or that Plaintiff has suffered damages in the

26  amount prayed, or at all, by reason of any act or omission on the part of Defendant, or on the part

27  of any agent or employee of Defendant.

28

DEFENDANT WATTS HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## AFFIRMATIVE DEFENSES

Defendant further asserts the following separate and additional defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Cause of Action)

1.    The Complaint and each cause of action therein fail to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.    Plaintiff has waived the right, if any, to pursue any of the causes of action alleged in the Complaint by reason of his own actions and course of conduct.

## THIRD AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

3.    Plaintiff's failure to mitigate his alleged damages bars his claims for damages in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    Plaintiff is estopped by his conduct from recovering any relief under the Complaint or any cause of action therein.

EXHIBIT B, PAGE 20
DEFENDANT WATTS HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Defendant Acted Promptly to Prevent and Correct Behavior)

5.     All of Plaintiff's Causes of Action are barred because reasonable use of Defendant's procedures would have prevented the harm that Plaintiff allegedly suffered.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack Of Proximate Cause)

6.     Plaintiff's prayer for damages regarding each cause of action contained in the Complaint is barred because such damages, if any, were not the result of acts, representations or omissions of Defendant or their agents.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

7.     Plaintiff lacks standing to pursue any of his allegations and claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

8.     Plaintiff's state law causes of action are preempted by federal law.

## NINTH AFFIRMATIVE DEFENSE

### (Statutes Of Limitation)

9.     The Complaint and each cause of action therein are barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 335.1, 338(a), 340(a) and 343.

EXHIBIT B, PAGE 21
DEFENDANT WATTS HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

10.     If any loss, injury, damages or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by Plaintiff, as Plaintiff did not exercise ordinary care on his own behalf, his own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment as alleged by Plaintiff; furthermore, Plaintiff's alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Defendant's alleged liability should be reduced accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Recovery of Prevailing Party Attorneys' Fees )**

11.     Pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 51 *et seq.*, in the event that Defendant prevails in this action, Defendant should be awarded its reasonable attorneys' fees and costs incurred in the defense of this action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Privilege)**

12.     Defendant's conduct, if any, was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, approvals relating to building construction and/or fire safety and public safety.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Building Permits)**

13.     Plaintiff's Complaint and the causes of actions alleged therein are barred by the issuance by local building authorities of appropriate building permits and Certification of Occupancy for the facility at issue.

-4-

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Good Faith Reliance upon Local Building Authorities)

3      14.      Plaintiff's Complaint and the causes of action alleged therein are barred by

4  Defendant's good faith reliance upon a reasonable interpretation of California law by local

5  building authorities and issuance of appropriate building permits and Certification of Occupancy

6  for the facility at issue.

7

8

### FIFTEENTH AFFIRMATIVE DEFENSE

9

### (Undue Burden)

10      15.      Insofar as the Defendant has not made the alterations to the facility and/or policies

11  at issue that Plaintiff contends should have been made, those changes were not and are not

12  required under federal or California law, and any requirement to make those changes would

13  impose an undue burden upon Defendant.

14

15

### SIXTEENTH AFFIRMATIVE DEFENSE

16

### (Removal of Barriers Was Not Readily Achievable)

17      16.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if

18  there were any, do not subject Defendant to liability because the removal of the alleged barriers

19  was not reasonable and/or readily achievable.

20

21

### SEVENTEENTH AFFIRMATIVE DEFENSE

22

### (Modifications Would Present Fundamental Alteration)

23      17.      To the extent the Complaint, and any cause of action contained therein, alleges that

24  Defendant failed to make reasonable modifications to policies, practices or procedures that are

25  necessary to obtain the goods, services, facilities, privileges, advantages, or accommodations

26  offered by Defendant, such allegations are barred because any such modifications would

27  fundamentally alter the nature of such goods, services, facilities, privileges, advantages or

28

-5-

EXHIBIT B, PAGE 23

1   accommodations.

2

3                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

4                          **(Necessary Criteria)**

5          18.   To the extent the Complaint, and any cause of action contained therein, alleges that

6   Defendant imposed or applied eligibility criteria that screen out or tend to screen out an individual

7   with a disability, or any alleged class of individuals with a disability, from fully and equally

8   enjoying any goods, services, facilities, privileges, advantages or accommodations offered by

9   Defendant, such allegations are barred because any such criteria are necessary for the provisions

10  of said goods, services, facilities, privileges, advantages or accommodations.

11

12                   **NINETEENTH AFFIRMATIVE DEFENSE**

13     **(Misapplication of Section 51 of the California Code of Civil Procedure)**

14         19.   Plaintiff is barred from recovery under California Civil Code section 51 because

15  such section does not apply to the alleged conduct at issue.

16

17                    **TWENTIETH AFFIRMATIVE DEFENSE**

18         **(Defendant Provided Services Via Alternative Methods)**

19         20.   Any allegedly wrongful acts or omissions performed by Defendant do not subject

20  Defendant to liability because Defendant accommodated Plaintiff's alleged disability by providing

21  services via alternative methods other than those demanded by Plaintiff.

22

23                  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

24              **(Legitimate Business Justification)**

25         21.   The Complaint, and each and every purported claim alleged therein, fails to state

26  facts sufficient to constitute a claim against Defendant because any actions taken with respect to

27  Plaintiff were for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged

28

-6-
EXHIBIT B, PAGE 24
DEFENDANT WATTS HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1    disability or other asserted protected status, including, but not limited to, concerns for the safety of

2    patrons at House of Uhuru.

3

4                          **TWENTY-SECOND AFFIRMATIVE DEFENSE**

5                                        **(No Damages)**

6         22.       Defendant is informed and believes, and on that basis alleges, that Plaintiff has not

7    suffered any damage as a result of any actions taken by Defendant, and Plaintiff is therefore barred

8    from asserting any claim against Defendant.

9

10                        **TWENTY-THIRD AFFIRMATIVE DEFENSE**

11                                       **(Good Faith)**

12        23.       Defendant acted reasonably and in good faith at all times material herein, based on

13   all relevant facts and circumstances known by Defendant at the time Defendant acted.

14   Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

15

16                        **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

17                            **(Bad Faith and Frivolous Action)**

18        24.       The Complaint, and the causes of action alleged therein, were brought by Plaintiff

19   in bad faith and are frivolous and, by reason of the conduct stated herein, Defendant is entitled to,

20   and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action

21   pursuant to California Civil Procedure Code section 128.5.

22

23                        **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

24                            **(Reservation of Defenses)**

25        25.       Defendant alleges all other defenses that may potentially become available as a

26   result of information developed through discovery or at trial.

27

28

1

2

3

4    **WHEREFORE**, Defendant prays as follows:

5      1.  That judgment be entered in favor of Defendant and against Plaintiff;

6      2.  That the Complaint be dismissed in its entirety with prejudice;

7      3.  That Plaintiff take nothing by way of his Complaint;

8      4.  That Defendant be awarded its attorneys' fees and costs; and

9      5.  For such other and further relief as the Court deems just and proper.

10

11 DATED: May 8, 2013     PAYNE & FEARS LLP

12

13

14           By: _____

15              DANIEL F. FEARS

16              ANDREW K. HAEFFELE

17          Attorneys for Defendant
           WATTS HEALTHCARE CORPORATION.

18

19

20 4825-8245-8643.1

21

22

23

24

25

26

27

28

DEFENDANT WATTS HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT B, PAGE 26

**PROOF OF SERVICE**

*Daniel Lopez v. Watts Healthcare Corporation*
*Los Angeles County Superior Court Case No.  BC498506*

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

　　At the time of service, I was over 18 years of age and **not a party to this action.**  I am employed in the County of Orange, State of California.  My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

　　On May 9, 2013, I served true copies of the following document(s) described as **DEFENDANT WATTS HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF DANIEL LOPEZ' COMPLAINT** on the interested parties in this action as follows:

Raymond G. Ballister, Jr., Esq.              *Attorneys for Plaintiff*
Phyl Grace, Esq.                             DANIEL LOPEZ
CENTER FOR DISABILITY ACCESS
P.O. Box 262490
San Diego, CA 92196-2490
Tel:　(858) 375-7385
Fax:　(888) 422-5191
E-Mail:　phylg@potterhandy.com

☒　**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 9, 2013, at Irvine, California.

*Terri M. Shaw*
Terri M. Shaw

EXHIBIT B, PAGE 27

PROOF OF SERVICE

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## PROOF OF SERVICE

### *Daniel Lopez v. Watts Healthcare Corporation*
### *UNITED STATES DISTRICT COURT CASE NO.*

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action.**  I am employed in the County of Orange, State of California.  My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On May 9, 2013, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441(a)** on the interested parties in this action as follows:

Raymond G. Ballister, Jr., Esq.     *Attorneys for Plaintiff*
Phyl Grace, Esq.                            DANIEL LOPEZ
CENTER FOR DISABILITY ACCESS
P.O. Box 262490
San Diego, CA 92196-2490
Tel:   (858) 375-7385
Fax:   (888) 422-5191
E-Mail:  phylg@potterhandy.com

☒   **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 9, 2013, at Irvine, California.

*Terri M. Shaw*
Terri M. Shaw

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV13- 3313 DSF (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| DANIEL LOPEZ, | WATTS HEALTHCARE CORPORATION, a California corporation, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Raymond G. Ballister, Jr., Esq. (SBN 111282) CENTER FOR DISABILITY ACCESS P.O. Box 262490 San Diego, CA 92196-2490 (858) 375-7385 | Daniel F. Fears, Esq. (SBN 110573) Andrew K. Haeffele, Esq. (SBN 258992) PAYNE & FEARS LLP 4 Park Plaza, Suite 1100 Irvine, CA 92614 (949) 851-1100 |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT:** $ over $75,000.00

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Americans With Disabilities Act Case Removed on the Grounds of Federal Question, 28 U.S.C., SECTIONS 1331 and 1441(a)

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other |  |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare |  | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY |  | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee |  | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights |  | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:  **CV13 - 03313 DSF (JCx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No  [ ] Yes

If yes, list case number(s):

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No  [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER):   *Andrew K. Haeffele*                     Date  May 9, 2013

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**PROOF OF SERVICE**

*Daniel Lopez v. Watts Healthcare Corporation*
*UNITED STATES DISTRICT COURT CASE NO.*

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Orange, State of California.  My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

    On May 9, 2013, I served true copies of the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as follows:

```
Raymond G. Ballister, Jr., Esq.    Attorneys for Plaintiff
Phyl Grace, Esq.                   DANIEL LOPEZ
CENTER FOR DISABILITY ACCESS
P.O. Box 262490
San Diego, CA 92196-2490
Tel:    (858) 375-7385
Fax:    (888) 422-5191
E-Mail: phylg@potterhandy.com
```

☒   **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 9, 2013, at Irvine, California.

*Terri M. Shaw*
Terri M. Shaw

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100